**CENTURY INDEMNITY COMPANY, as Successor to CCI Insurance Company, as Successor to Insurance Company of North America, One Beacon Insurance Company, and Continental Insurance, Plaintiffs/Counterclaim–Defendants,**

v.

**AERO–MOTIVE COMPANY, Aero–Motive Manufacturing Company, William Becker, and Roger Becker, Defendants/Counterclaim–Plaintiffs.**

No. 1:02 CV 108.

United States District Court,
W.D. Michigan,
Southern Division.

July 6, 2004.

Brian C. Coffey, William M. Cohn, Cohn Baughman & Martin, Chicago, IL, Susan Wilson Keener, Bradley K. Glazier, Carole D. Bos, Bos & Glazier, P.L.C., Grand Rapids, MI, David Bloss, Michael W. Betz, Betz & Bloss, PC, Grand Rapids, MI, Kathleen A. McQueeny, Meckler, Bulger & Tilson, Chicago, IL, for Plaintiffs.

Eric C. Fleetham, Charles M. Denton, Matthew B. Eugster, Varnum, Riddering, Schmidt & Howlett, LLP, Grand Rapids, MI, Jon G. March, Miller, Johnson, Snell & Cummiskey, PLC, Grand Rapids, MI, for Defendants.

## *OPINION*

QUIST, District Judge.

The Court has before it Plaintiffs One Beacon Insurance Company's ("One Beacon") and Continental Insurance Company's ("Continental") motion regarding the impact of the Court's findings on the Beckers' breach of the duty of cooperation. One Beacon and Continental request in their motion that the Court determine that its ruling in its May 28, 2004, Opinion and Order that Century Indemnity Company is relieved of its obligations under its policies based upon the Beckers' breach of their duty of cooperation is also applicable to One Beacon and Continental.

Defendants have filed a motion to strike One Beacon's and Continental's motion on the ground that the motion is either a motion to dismiss or a motion for summary judgment that was filed well beyond the February 13, 2004, deadline for filing dispositive motions. Defendants correctly note that One Beacon and Continental did not file their motion until one week after the Court issued its rulings on the parties' final motions for summary judgment. Defendants point out that One Beacon and Continental could have brought their own motions based upon the Beckers' alleged breach of their duty of cooperation or could have joined in Century's motion on that issue prior to the motion deadline, but failed to do so. Furthermore, Defendants assert that One Beacon and Continental have neither shown good cause nor sought leave of this Court to extend the dispositive motion deadline as required by Fed. R.Civ.P. 16(b).

█ The Court agrees with Defendants that One Beacon and Continental should have filed their motion or joined in Century's motion prior to the dispositive motion filing deadline. This would have allowed the Court the opportunity to consider that motion along with the other pending motions and to resolve all of those issues at the same time. One Beacon and Continental have not explained their failure to file their motion prior to the dispositive motion deadline, and they have not shown good cause for extending that date.[1] Even though One Beacon and Continental did not file their motion within the time provided in the Case Management Order, as amended, the Court is not bound to reject the motion. "[D]istrict courts have wide latitude in managing their dockets, including the power to consider an untimely motion for summary judgment." *Maus v. Murphy,* No. 01–1647, 29 Fed. Appx. 365, 369–70 (7th Cir. Jan.4, 2002) (citations omitted) (concluding that the district court did not abuse its discretion in considering the defendants' untimely motion for summary judgment). As the Sixth Circuit has noted, "it is within the court's discretion to consider a motion for summary judgment, even after the time stipulated in the court's order, where such consideration will 'eliminate unnecessary

---

1. As discussed below, Defendants posit that One Beacon and Continental did not file a motion or join in Century's motion because, unlike Century, One Beacon and Continental were not providing reimbursement for a portion of the Beckers' defense costs.

trials which waste the parties' time and money, [and] allow the court to give judgment on the issues of law where no disputed issues of fact are found.'" *Williams v. Wilkinson,* No. 96–3715, 1997 WL 809971, at *2 (6th Cir. Dec.18, 1997) (per curiam) (quoting the district court's decision). The Court finds it appropriate to consider One Beacon's and Continental's motion because: (1) the Court has previously addressed the issue of the Beckers' breach of their duty to cooperate with Century; (2) there is no dispute that One Beacon's and Continental's policies contained cooperation clauses; (3) a ruling on the motion could prevent an unnecessary trial and save time, money, and judicial resources; and (4) the only question is whether One Beacon and Continental are in a different position than Century because they were not reimbursing a portion of the Beckers' defense costs at the time the Beckers entered into the Consent Judgment and Confidential Settlement Agreement with Aero II. Therefore, the Court will deny Defendants' motion to strike and will consider One Beacon's and Continental's motion.

In its May 28, 2004, Opinion, the Court concluded that the Beckers breached their duty to cooperate with Century by entering into the Consent Judgment and by entering into the Confidential Settlement Agreement, which obligates the Beckers to cooperate with Aero II in pursuing its claims against the Insurers and provides a financial incentive for the Beckers to ensure that Aero II recovers at least $800,000 from the Insurers. In addition, the Court concluded that Century demonstrated prejudice based upon the Beckers' apparent willingness to change or at least shade their prior testimony, as well as the Beckers' assumption of their obligations under the Confidential Settlement Agreement, which would significantly hinder Century from defending its interest or the Beckers' interests. Therefore, the Court held that Century should be relieved of its obligations under its policies.[2]

■ The only question is whether One Beacon and Continental are in a different position than Century with respect to the Beckers' breach of their duty of cooperation because Century had agreed to reimburse the Beckers for a portion of their defense costs, while One Beacon and Continental refused to contribute anything towards the Beckers' defense. Defendants contend that this distinction is key because the Court's rationale for finding that the Beckers breached their duty of cooperation was that Century had previously agreed to reimburse the Beckers for a portion of their defense costs. While it is true that the Court observed that Century had agreed to reimburse the Beckers for a portion of their defense costs, this was not the sole basis for the Court's conclusion with respect to Century's motion regarding the Beckers' breach of the duty of cooperation. Early on in its Opinion, the Court concluded that none of the Insurers had breached their duty to defend at the time the Beckers signed the Consent Judgment and the Confidential Settlement Agreement because the policies were missing and the Beckers had not met their burden of establishing the terms of coverage under the policies. (5/28/04 Op. at 9–11.) Later in the Opinion, in discussing Century's motion regarding the duty to defend, the Court cited Century's partial reimbursement of the Beckers' defense costs as one basis for concluding that Cen-

---

**2.** A discrepancy between the language in the Opinion and the language in the Order created some confusion regarding the extent to which Century is relieved of its obligations, but the Court has since clarified that Century is relieved of all of its obligations under its policies and not just its obligations to the Beckers.

tury did not breach its duty to defend, but the Court also reiterated its earlier observation that the policies were missing and there were "serious questions not only regarding coverage, but more importantly whether the primary policies existed and what terms they contained." (*Id.* at 18.) The Court's reference to Century's agreement to pay a portion of the Beckers' defense costs was merely to show that Century was doing more than it was legally obligated to do at that point and that Century had not breached its duty to defend. In light of the missing policies, none of the Insurers, including One Beacon and Continental, were in breach of their duty to defend at the time the Beckers entered into the Consent Judgment and Confidential Settlement Agreement with Aero II. Thus, Defendants' argument that the Beckers did not breach their duty to cooperate because One Beacon and Continental breached their duty to defend must be rejected.

Defendants may argue that in light of One Beacon's and Continental's refusal to defend or to reimburse the Beckers for their defense costs the Beckers had no other alternative but to resolve their liability with Aero II and to join with Aero II in its pursuit of a recovery against the Insurers. However, the Insurers were not obligated to prove that the policies existed or to establish their terms of coverage, and this Court declines to hold that an insurance company is required to provide a defense where the insured has not met its most basic obligation of proving coverage and there is no indication that the insured will be able to establish the terms of the policy. Likewise, the Court declines to hold that the Beckers were relieved of

their duty to cooperate with One Beacon and Continental because they were unable to locate the policies or evidence of the terms of the policies. In this regard, the Court notes that the Beckers were less than diligent in attempting to locate information regarding the policies. That is, although Aero II notified the Beckers of their potential liability in August of 1995, the Beckers did not notify One Beacon or Continental until over four years later, after Aero II filed suit against the Beckers. There is nothing in the record showing that the Beckers took any steps during that four year period to reconstruct the terms of coverage, even though the Beckers knew that a lawsuit was a real possibility. Moreover, as the Court noted in its May 28 Opinion, although One Beacon and Continental did not provide a defense, they did not completely abandon the Beckers either because they participated with Century in a group settlement offer to Aero II on behalf of the Beckers in an amount within a range the Beckers' counsel opined was reasonable. Therefore, based upon the Court's reasoning in its May 28 Opinion, the Court concludes that One Beacon and Continental are also relieved of their obligations under their policies as a result of the Beckers' breach of their duty of cooperation.[3]

The Court's conclusion that One Beacon and Continental are relieved of their obligations under their policies effectively disposes of the remaining issues in this case, with the exception of Century's claim against the Beckers and cross-claims against One Beacon and Continental for recovery of excess defense cost payments and Defendants' counterclaims against One Beacon and Continental for recovery of the

**3.** Defendants also argued in their response brief that One Beacon and Continental cannot demonstrate prejudice because they refused to defend the Beckers. Because One Beacon and Continental had not breached their duty to defend at the time the Beckers entered into the Consent Judgment and the Confidential Settlement Agreement, the Court's finding of prejudice with regard to Century is also applicable to One Beacon and Continental.

Beckers' defense costs. In its December 17, 2003, Opinion, the Court held that Century, One Beacon and Continental had a duty defend the Beckers under their respective policies. In addition, the Court held that defense costs should be allocated among the Insurers, with Century's share being 18% of the total defense costs. Finally, the Court held that One Beacon and Continental are not liable for pre-tender defense costs. In light of these rulings and the absence of any genuine issue of material fact on these issues, the Court will enter judgment in favor of Century on its claim against the Beckers and its cross-claims against One Beacon and Continental for overpayment of defense costs, provided that One Beacon's and Continental's liability to Century will be limited to the Beckers' post-tender defense costs. The Court will also enter judgment in favor of Defendants and against One Beacon and Continental on Defendants' counterclaim for recovery of the Beckers' post-tender defense costs.

An Order and Judgment consistent with this Opinion will be entered.

### ORDER

The Court has before it Plaintiff Century Indemnity Co.'s motion to conform the Court's May 28, 2004, Order to its May 28, 2004, Opinion. As indicated in Century's motion, the Court's May 28, 2004, Order has spawned yet another issue, namely, whether Century owes any potential obligation to Aero II under Century Excess Policy No. XBC 76888, which Aero I assigned to Aero II at the time of the 1972 asset sale. Century contends that the Court's May 28, 2004, Opinion and Order, when read together, mean that it has no further obligations at all under any of its policies issued to Aero I, while Aero reads the Court's May 28, 2004, Opinion and Order as leaving open the possibility that Century still has an obligation to Aero II under the assigned policy.

The dispute arises, in part, out of the Court's December 17, 2003, Opinion and Order and its March 12, 2004, Memorandum Order granting in part and denying in part Defendants' motion for reconsideration of the December 17, 2003, Opinion and Order. In its December 17, 2003, Opinion and Order, the Court held, among other things, that Century/INA Excess Policy No. XBC 76888 and One Beacon/American Employers Policy No. AD 40018–13 were not transferred by the assignment from Aero I to Aero II, based upon the following grounds: (1) there are genuine issues of material fact as to whether the release or releases that caused environmental damage occurred before or after Aero II purchased Aero I's assets; (2) Aero I did not have a claim or accrued cause of action under the policies to assign to Aero I at the time of the 1972 asset sale; and (3) giving effect to the assignment without Century's consent would increase Century's risk under the policy by forcing it to defend not only Aero I and the Beckers but also Aero II. In its March 12, 2004, Memorandum Order, the Court reconsidered its conclusion on the assignment issue with regard to the second and third grounds. The Court concluded that: (1) Aero I had an assignable interest in both of the policies to the extent that the contamination was caused by Aero I before the assignment; and (2) enforcement of the assignment would not subject Century to increased risk because Century does not have a defense obligation under its excess policies.

In its May 28, 2004, Opinion, the Court concluded that Century "is released from its obligations under its policies as a result of the Beckers' breach of their duty of cooperation." (5/28/04 Op. at 23.) The May 28, 2004, Order differed slightly, stating that "Century is relieved of its obligations to the Beckers because of the Beckers' breach of their duty to cooperate

with Century." Based upon the language in the Order, Aero now apparently takes the position that the Court's May 28, 2004, rulings did not foreclose the possibility that Century may still be obligated to Aero II under the assigned excess policy.

The Court notes that in connection with Century's motion regarding the Beckers' breach of the cooperation clause, neither Century nor Aero raised the specific issue of the effect of the Beckers' actions in entering into the Consent Judgment and the Confidential Settlement Agreement on Century's potential obligations to Aero II under the assigned excess policy. The consequences of the Beckers' breach of their duty to cooperate as they relate to Century's obligations to the Beckers are fairly obvious: Century is relieved from all such obligations. The consequences with regard to Aero I and Aero II are not so obvious because of the circumstances surrounding the assignment, but are nonetheless the same. This is because any rights Aero II may have received under Century's excess policy by way of assignment were from Aero I, not from the Beckers. As this Court noted in its March 12, 2004, Memorandum Order, the Beckers had their own rights under the policy as officers and directors of Aero I. However, it is because of that status that the result is the same. Based upon the Court's prior rulings, Aero II can have rights under Century's excess policy only if Aero II establishes that Aero I was responsible for the contamination. In spite of the assignment, nothing relieved Aero I or the Beckers, as officers and directors of Aero I, of their duty to cooperate with Century in defending Aero II's claim that Aero I was responsible for the contamination. Because the Beckers were entitled to coverage under Century's policy only because of their status as officers and directors of Aero I,

their breach of the duty to cooperate is imputed to Aero I.[1] Accordingly, the Beckers' breach of their duty to cooperate relieves Century of any obligation it may have to the Beckers, Aero I, or Aero II under the assigned excess policy. Therefore,

**IT IS HEREBY ORDERED** that Plaintiff Century Indemnity Co.'s Motion To Conform The Court's May 28, 2004, Order To Its May 28, 2004, Opinion (docket no. 457) is **GRANTED,** and the phrase "to the Beckers" is hereby deleted from the final sentence of the first paragraph on page 2 of the May 28, 2004, Order.

---

1. The Beckers' breach of their duty to cooperate with Century prejudiced Century by hindering its ability to defend its own interests under its excess policy.